UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWNEE D. DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18CV1141 RLW |
| | ) |
| IMERYS TALC AMERICA, INC., f/k/a | ) |
| LUZENAC AMERICAN, INC., JOHNSON & | ) |
| JOHNSON CONSUMER, INC., f/k/a | ) |
| MCNEIL-PPC, INC., METROPOLITAN | ) |
| LIFE INSURANCE COMPANY, and PTI | ) |
| UNION, LCC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous motions filed by the parties. Currently pending are Defendant Imerys Talc America, Inc.'s ("Imerys") Motion to Dismiss Plaintiff's Petition for Lack of Personal Jurisdiction filed by (ECF No. 20), Plaintiff's Emergency Motion to Remand with Request for Expedited Consideration (ECF No. 31) and related Motion for Telephonic Hearing (ECF No. 33), Defendant Johnson & Johnson Consumer Inc.'s ("Johnson & Johnson")[1] Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer (ECF No. 34), Defendant PTI Union, LLC's ("PTI Union") Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (ECF No. 47),[2] and PTI Union's Motion to Transfer for Improper Venue (ECF No. 48).[3]

---

[1] Johnson & Johnson asserts Plaintiff incorrectly named as it "Johnson & Johnson Consumer, Inc., f/k/a McNeil-PPC, Inc." Neither party appears to fully explain this potential discrepancy. For the purpose of this Memorandum and Order, the Court will refer to the party as "Johnson & Johnson" but does not make any definitive conclusion on the proper designation of the party.

[2] As Plaintiff correctly notes in her Response in Opposition to PTI Union's Motion to Dismiss (ECF No. 51), PTI Union's motion was apparently field initially in state court and, accordingly, is styled as a state court document. PTI Union explains it initially filed its motion to dismiss in state court prior to removal. (ECF No. 52, at 1-2) According to PTI Union, it re-filed the motion in this Court because it was not included as an exhibit to Johnson & Johnson's Notice of Removal, and thus was not part of this Court's docket. (*Id.*) PTI Union re-filed the motion to formally

Plaintiff Shawnee D. Douglas filed this case in state court alleging that the use of talc products caused her malignant peritoneal mesothelioma.[4] Johnson & Johnson removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, the only Missouri-based Defendant, PTI Union, was fraudulently joined in this action.

On August 14, 2018, the Court issued an Order granting Plaintiff's Motion for Extension of Time to Respond to Imerys's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 38) The Order of August 14 also adopted the parties' proposal to decide the threshold matter of subject matter jurisdiction presented in Plaintiff's Motion to Remand before it addresses Imerys's Motion to Dismiss for Lack of Personal Jurisdiction. (*Id.*) Subsequently, the Court granted Plaintiff's Unopposed Motion for Extension of Time to Respond to Johnson & Johnson's Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer. (ECF No. 49) That Order further adopted the parties' proposal that Plaintiff's response to Johnson & Johnson's Motion to Dismiss, *should the Court deny Plaintiff's Motion to Remand*, would be due 14 days from the date of the Court's Order issuing its remand ruling.

Plaintiff's Motion to Remand and PTI Union's Motion to Dismiss are fully briefed and ready for disposition. After careful consideration, the Court will deny the motion to remand and dismiss Plaintiff's claims against PTI Union.

---

place it as a pending motion before the Court. (*Id.*) This discrepancy is immaterial and the Court considered the arguments presented in the motion and related memoranda.
[3] This motion is also styled as a state court motion as it was apparently the exact document filed in state court. Accordingly, the motion as written is requesting transfer to the state Circuit Court of Cole County. PTI Union concedes that the motion is procedurally moot. (ECF No. 53)
[4] No party has sought to transfer this case to the multidistrict litigation ("MDL") now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. *See In re Johnson & Johnson Talcum Powder Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738. That MDL court is consolidating cases nationwide that allege talc-based products caused ovarian cancer.

## BACKGROUND

Plaintiff alleges she suffers from malignant peritoneal mesothelioma as a result of her exposure to asbestos from use of talc-based products. She initially filed this lawsuit alleging strict liability, negligence, wilful and wonton misconduct, and conspiracy in Missouri state court in the Twenty-Second Judicial Circuit, City of St. Louis. Plaintiff named Johnson & Johnson, Imerys, Metropolitan Life Insurance Company ("MetLife"), and PTI Union as defendants.[5]

Johnson & Johnson removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, the only Missouri-based Defendant, PTI Union, was fraudulently joined in this action.[6] The various motions that have been filed include Plaintiff's Emergency Motion to Remand with Request for Expedited Consideration. (ECF No. 31) As explained above, the Court previously decided it would decide the threshold issue of subject matter jurisdiction presented in Plaintiff's Motion to Remand before addressing the issues raised in the other pending motions yet to be fully briefed.

After Plaintiff filed her Motion to Remand and accompanying Memorandum in Support (ECF No. 32), Johnson & Johnson filed a Memorandum of Law in Opposition.[7] (ECF No. 44) Pursuant to this district's Local Rule 7-401(C), Plaintiff had seven days after Johnson & Johnson filed its memorandum of law in opposition within which to file a reply memorandum. Plaintiff did not file any reply and the time to do so has since passed. Accordingly, the Court considered

---

[5] For the purposes of this Memorandum and Order, "Defendants" refers collectively to Johnson & Johnson, Imerys, and PTI Union. MetLife has not joined any of the various motions filed by the other defendants and as of the date of this Memorandum and Order is the only defendant to file an Answer. (ECF No. 14) Accordingly, MetLife has not briefed or joined the memoranda being considered in this Memorandum and Order.

[6] Plaintiff previously filed a lawsuit in the Circuit Court of Hamilton County, Tennessee. *Douglas v. Johnson & Johnson Consumer, Inc., et al.*, No. 17C954. The only defendants named in the Tennessee lawsuit were Johnson & Johnson and Imerys. Johnson & Johnson removed the case to the Eastern District of Tennessee. *Douglas v. Johnson & Johnson Consumer, Inc. et al.*, No. 1:17-cv-00270-TRM-CHS. After engaging in initial discovery, Plaintiff claimed she learned of PTI Union's potential connection to the case and decided to file this case in Missouri state court on March 12, 2018. Subsequently, the Eastern District of Tennessee granted Plaintiff's motion to voluntarily dismiss her claims without prejudice against Johnson & Johnson and Imerys on March 29, 2018.

[7] Imerys joined in Johnson & Johnson's Memorandum of Law in Opposition. (ECF No. 45) PTI Union also joined and offered additional legal analysis, which the Court considered. (ECF No. 46)

the arguments presented in Plaintiff's Motion to Remand and accompanying Memorandum in Support (ECF Nos. 31, 32), Johnson & Johnson's Memorandum of Law in Opposition (ECF No. 44), and PTI Union's Joinder in Opposing Remand (ECF No. 46).

## DISCUSSION

### (a) Plaintiff's Motion to Remand

Plaintiff argues the Court should remand this case to state court "[b]ecause diversity is lacking." (ECF No. 32, at 9) Defendants, on the other hand, assert that complete diversity exists between Plaintiff and "all *properly joined* Defendants" because Plaintiff fraudulently joined PTI Union as a defendant. (ECF No. 1, ¶ 5; ECF No. 46, at 1) (emphasis added)

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). This exception allows courts to "ignore the citizenship of parties fraudulently joined" when determining whether the court has diversity jurisdiction over a case. *Moss v. Def. Servs., Inc.*, No. 1:08-CV-88 CAS, 2009 WL 90136, at *2 (E.D. Mo. Jan. 14, 2009) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b)). Joinder is fraudulent thereby making removal proper "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *In re Prempro*, 591 F.3d at 620 (citation omitted). The Eighth Circuit has explained:

> a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (footnotes and citations omitted).

Defendants argue there is no reasonable basis for liability against PTI Union because PTI Union was not involved in the production of the specific product Plaintiff claims caused her cancer. Although her Petition does not specify which talc-based products Plaintiff was exposed to, she previously testified during a deposition in the course of the previously filed case in Tennessee that she had exclusively used one brand of cosmetic talcum powder: Johnson's Baby Powder. (Pl. Dep. 45:21-47:17, ECF No. 20-1) According to Defendants, PTI Union was not

involved in the production of Johnson's Baby Powder. (Aff. of John Thaler, ECF No. 44-1)[8] Rather, PTI Union manufactured a different brand of talc-based product: Shower to Shower Shimmer Effects ("Shower to Shower"). Because Plaintiff has not alleged she used PTI Union's product, Defendants argue Plaintiff fraudulently joined PTI Union as "a strategic ploy to destroy diversity." (ECF No. 46, at 2)

The parties seem to be in agreement that, for the purposes of determining whether complete diversity exists for this Court to properly exercise jurisdiction pursuant to 28 U.S.C. § 1332(a), the citizenship of each party is as follows: Johnson & Johnson is a citizen of New Jersey; Imerys is a citizen of Delaware and California; MetLife is a citizen of New York; PTI Union is a citizen of Delaware and Missouri; and Plaintiff is a citizen of Tennessee.[9] (ECF No. 1, ¶¶ 6-10; ECF No. 32, at 2) *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Consequently, there is complete diversity among the parties regardless of any claim that Plaintiff fraudulently joined PTI Union. The Court does not need to decide whether Plaintiff has alleged a frivolous or illegitimate claim against PTI Union because complete diversity exists regardless of such determination. The reasonableness standard for fraudulent joinder "require[s] the defendant to do more than merely

---

[8] The parties have attached portions of multiple depositions and affidavits in support of their motions. "Documents that are necessarily embraced by the pleadings are not 'matters outside the pleadings' for purposes of Rule 12(d)." *Reitz v. Nationstar Mortg., LLC*, 954 F.Supp.2d 870, 876 (E.D. Mo. 2013). "A court need not convert a Rule 12(b)(6) motion to dismiss into on[e] for summary judgment under Rule 12(d) if the matters presented are incorporated by reference, are integral to the claim, or are exhibits whose authenticity is unquestioned." *Id.* (citations omitted). In this case, the information gleaned from the attached depositions and affidavits are integral to Plaintiff's claims and therefore necessarily embraced by the pleadings.

[9] The Notice of Removal alleges, "Plaintiff is a citizen of Tennessee." (ECF No. 1, ¶ 6) While Plaintiff asserts "she purchased, used, and was exposed to [Johnson & Johnson] talcum powder products in the state of Missouri," she nevertheless concedes she "is currently a resident of Tennessee." (ECF No. 32, at 2) "For purposes of diversity jurisdiction, the terms 'citizenship' and 'domicile' are synonymous. . . . Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1-2 (E.D. Mo. July 8, 2014). Therefore, Plaintiff is a citizen of Tennessee.

prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445 (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard)). The Court denies Plaintiff's Motion to Remand and will proceed to rule on PTI Union's fully briefed Motion to Dismiss.

*(a) PTI Union's Motion to Dismiss*

PTI Union argues Plaintiff has failed to state a claim against it because of the same reason Defendants argue PTI Union was a fraudulently joined party: Plaintiff has not alleged she used the brand of talc-based product PTI Union manufactured.[10] Plaintiff counters that PTI Union and its sister-company, PTI Royston, LLC ("PTI Royston"), should be considered as one entity for purposes of liability.

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

---

[10] As explained above, PTI Union erroneously filed a motion that was apparently field initially in state court. Despite the fact PTI Union's motion and accompanying memorandum of law in support (ECF No. 47) contains citations to Missouri law, its Reply in Support (ECF No. 52) is properly styled as a motion in this Court and contains legal analysis based on federal precedent. Notwithstanding PTI Union's initial error in filing a state court motion, the Court considered the arguments presented in the motion and related memoranda.

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

According to the affidavit of John Thaler, who served as Johnson & Johnson's Director of External Manufacturing from May 2005 to September 2009, Johnson & Johnson manufactured Johnson's Baby Powder and Shower to Shower at a facility located owned by Johnson & Johnson located in Royston, Georgia prior to August 29, 2005. (Thaler Aff., ECF No. 44-1, ¶ 2) Thereafter, PTI Royston was formed as a company under Delaware law with its principal place of business in Georgia and became the exclusive manufacturer of Johnson's Baby Powder and Shower to Shower. (*Id.* at ¶ 3) In 2004, Johnson & Johnson hired a separate entity – Pharma Tech Industries, Inc. ("Pharma Tech") – to manufacture Shower to Shower at a facility in Union, Missouri. (*Id.* at ¶ 9(a)) PTI Union was formed to assume production of Shower to Shower in Union. (Crume Aff., ECF No. 44-4) According to Thaler: "Other than [Shower to Shower] manufactured from 2004 to 2008, Pharma Tech Industries, Inc. and PTI Union, LLC *have never manufactured any other Johnson & Johnson Consumer Inc. talc-based products.*" (Thaler Aff., ECF No. 44-1, ¶ 9(d)) (emphasis added) PTI Royston, however, continued as the exclusive contract manufacturer of Johnson's Baby Powder and remains so to this day. (*Id.* at ¶ 8)

As explained above, Plaintiff testified that she exclusively used one brand of cosmetic talcum powder during her life: Johnson's Baby Powder.[11] (Pl. Dep. 45:21-47:17, ECF No. 20-1) PTI Union argues this fact alone is sufficient for the Court to dismiss Plaintiff's claims against it because it was not involved in the manufacturing of Johnson's Baby Powder.

A Missouri trial court order Plaintiff cites directly refutes her argument that this Court should not dismiss her claims against PTI Union.[12] In *Slemp v. Johnson & Johnson, et al.*, No. 1422-CC09326-02 (Nov. 29, 2017), *multiple plaintiffs* alleged they developed ovarian cancer as a result of exposure to Johnson's Baby Powder *and Shower to Shower*. Unlike the plaintiffs in *Slemp*, the sole plaintiff in this case has testified that she used only one brand of talc-based product: Johnson's Baby Powder. Furthermore, the plaintiffs in *Slemp* did not name PTI Union, PTI Royston, or Pharma Tech as defendants. Rather, the plaintiffs cited the production of talc-based products in Missouri in order to establish specific personal jurisdiction over named-defendants Johnson & Johnson and Imerys in light of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

Plaintiff concedes she never used Shower to Shower, but she nevertheless argues PTI Union is liable for her injuries because of its relationship to PTI Royston and Pharma Tech. Specifically, she claims the Johnson's Baby Powder she used consisted of talc supplied by Imerys to PTI Union and its sister-company, PTI Royston. Plaintiff asserts in her Response in

---

[11] Plaintiff further asserts in her Response in Opposition to Defendant PTI Union's Motion to Dismiss:

> As a child, Plaintiff's mother using Johnson & Johnson Baby Powder on her. As she got older, Plaintiff began using J&J Baby Powder personally. Ms. Douglas continued using this product until her deposition on December 22, 2017. *She has never used another brand of baby powder other than Johnson & Johnson.*

(ECF No. 51) (emphasis added and citations omitted)

[12] Ordinarily, this Court may not give much weight to a state trial court order. However, the fact that Plaintiff relies on it and, in particular, the court in *Slemp* is the exact circuit court to which Plaintiff is seeking remand, this Court believes it is helpful.

Opposition to PTI Union's Motion to Dismiss that PTI Union and PTI Royston operate jointly as Pharma Tech and "at relevant times were sister companies, with common ownership, controlled from their nucleus of operations in Union, Missouri." (ECF No. 51, at 4) Furthermore, Plaintiff alleges "[t]hese entities have an incestuous relationship and are, in reality, one company, claiming otherwise only in litigation." (*Id.*)

Defendants contend Plaintiff is attempting to argue an "alter ego" theory for PTI Union's liability.[13] "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 118 S. Ct. 1876, 1884 (1998) (internal citation omitted). "Limited liability is the rule, not the exception." *Anderson v. Abbott*, 321 U.S. 349, 362 (1944). Although limited liability is the general rule, there is an equally important principle of corporate law that applies to the parent-subsidiary relationship "that the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf." *Bestfoods*, 118 S. Ct. at 62.

Missouri courts apply the "internal affairs" doctrine when requested to pierce the corporate veil "because such requests necessarily involve 'an analysis of how the controlling shareholders administered and governed the corporation.'" *R & K Lombard Pharmacy Corp. v. Med. Shoppe Int'l, Inc.*, 4:07-CV-288 CEJ, 2008 WL 648509, at *3 (E.D. Mo. Mar. 5, 2008) (quoting *In re Bridge Info. Sys., Inc.*, 325 B.R. 824, 830-31 (E.D. Mo. Bankr. 2005)). "The

---

[13] Johnson & Johnson, joined by Imerys and PTI Union, also address Plaintiff's alleged failure to adequately plead an alter ego theory for liability in its Memorandum of Law in Opposition to Plaintiff's Motion to Remand. (ECF No. 44, at 10-14) Specifically, Defendants fully briefed the issue applying Delaware law. (*Id.*) As explained above, Plaintiff did not file a reply memorandum and the time to do so has now passed. The Court notes Plaintiff could have addressed this argument, but she failed to do so. Further, PTI Union's Motion to Dismiss (ECF No. 47) did not make an argument related to Plaintiff's alleged failure to plead an alter ego theory. Rather, it made numerous arguments related to Missouri pleading requirements. PTI Union did make the argument in its Reply in Support of its Motion to Dismiss. (ECF No. 52) Plaintiff could have sought leave to file a surresponse but failed to do so.

internal affairs doctrine provides that the law of the state of incorporation should be applied to disputes regarding the internal organization of a corporation." *Id.* (citing *Yates v. Bridge Trading Co.*, 844 S.W.2d 56, 61 (Mo. App. 1992)). *See also Am. Recreation Prods., Inc. v. Novus Prods. Co., LLC*, 4:06-CV-258 DJS, 2006 WL 3247246, at *2 (E.D. Mo. Nov. 8, 2006). Accordingly, because PTI Union is a Delaware corporation, Delaware's state law would apply to an alter ego theory. *See generally Vepco Park, Inc. v. Custom Air Servs., Inc.*, No. CV 14C-09-018 RBY, 2016 WL 1613654, at *3 (Del. Super. Ct. Feb. 25, 2016) ("'Piercing the corporate veil' and 'alter ego theory' are used interchangeably throughout Delaware precedent.").

To establish an alter ego theory for liability under Delaware law, a plaintiff must "plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors or creditors." *Doberstein v. G-P Indus., Inc.*, CV 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015) (quoting *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003)). Delaware courts consider five factors when deciding whether to disregard the corporate entity, including: "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *Id.* (quoting *MicroStrategy Inc. v. Acacia Research Corp.*, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010)). No single factor is dispositive, and generally there must be some combination of them, and there must be "an overall element of injustice or unfairness" present. *Id.* The injustice, or unfairness, must "be found in the defendants' use of the corporate form." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 269 (D. Del. 1989); *see also Doberstein*, 2015 WL

6606484, at *4 (noting that the "wrongful acts must be tied to the manipulation of the corporate form in order to make veil-piercing justifiable on the grounds of equity").

Defendants correctly note Plaintiff has failed to specifically plead facts alleging PTI Union should be held liable for acts of its sister company as an alter ego. Significantly, Plaintiff has not named Pharma Tech or PTI Royston as defendants in this case. Plaintiff's Petition did not allege facts related to any of the factors required by Delaware law to establish an alter ego theory of liability. In fact, Plaintiff's argument rests primarily on the fact PTI Union and PTI Royston both receive talc shipments from Imerys. (ECF No. 51, at 4) Further, Plaintiff asserts Pharma Tech allegedly "refers to itself as one single company with two production facilities: Union and Royston" and both PTI Union and PTI Royston have been sued in talc-related lawsuits. (*Id.* at 5) Such general allegations of commonality are insufficient to plead an alter ego theory. *See Robinson Mechanical Contractors Inc. v. PTC Group Holdings Corp.*, No. 1:15-CV-77 SNLJ (E.D. Mo. June 1, 2017) (noting the plaintiff specifically pleaded four of the five factors to support its veil-piercing/alter ego claim).

"A corporation is . . . generally not liable for the acts of its sister corporation absent a showing that the sister corporation was an alter ego or acted as an agent." *Weston v. Progressive Commercial Holdings, Inc.*, No. 10-980, 2011 WL 231709, at *2-3 (D. Del. Jan. 24, 2011) ("Simply because all the defendant companies are somehow affiliated with one another is not sufficient."). Based on the record before the Court, it is clear PTI Union was never involved in the production of Johnson's Baby Powder. Furthermore, Plaintiff has failed to sufficiently plead a theory that PTI Union should be held liable for actions of PTI Royston.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Remand with Request for Expedited Consideration (ECF No. 31) and Motion for Telephonic Hearing on Plaintiff's Motion to Remand (ECF No. 33) are **DENIED**.

**IT IS FURTHER ORDERED** that PTI Union, LLC's Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (ECF No. 47) is **GRANTED** and Plaintiff's claims against PTI Union, LLC are **DISMISSED with prejudice.** An order of partial dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that PTI Union, LLC's Motion to Transfer for Improper Venue (ECF No. 48) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that, due to the protracted nature of this case, the briefing schedule as proposed by the parties and previously adopted by this Court in its Orders of August 14, 2018 (ECF No. 38) and August 29, 2018 (ECF No. 49) shall be amended. Plaintiff's responses to Imerys's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) and Johnson & Johnson's Motion to Dismiss (ECF No. 34) shall both be filed no later than February 25, 2019, and any replies shall be filed no later than March 7, 2019.

Dated this 14th day of February, 2019.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**