# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAWNEE D. DOUGLAS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>IMERYS TALC AMERICA, INC., f/k/a )<br>LUZENAC AMERICAN, INC., JOHNSON & )<br>JOHNSON CONSUMER, INC., f/k/a )<br>MCNEIL-PPC, INC., METROPOLITAN )<br>LIFE INSURANCE COMPANY, and PTI )<br>UNION, LLC, )<br>)<br>Defendants. ) | No. 4:18CV1141 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Johnson & Johnson Consumer Inc.'s ("Johnson & Johnson")[1] Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer. (ECF No. 34) The motion is fully briefed and ready for disposition. After careful consideration, the Court denies Johnson & Johnson's motion.

## BACKGROUND

As previously explained in the Court's Memorandum and Order of February 14, 2019 (ECF No. 59), Plaintiff alleges she suffers from malignant peritoneal mesothelioma as a result of her exposure to asbestos from use of talc-based products. She initially filed this lawsuit alleging strict liability, negligence, wilful and wonton misconduct, and conspiracy in Missouri state court in the Twenty-Second Judicial Circuit, City of St. Louis. Plaintiff named Johnson & Johnson, Imerys Talc America, Inc.'s ("Imerys"), Metropolitan Life Insurance Company ("MetLife"), and

---

[1] Johnson & Johnson asserts Plaintiff incorrectly named as it "Johnson & Johnson Consumer, Inc., f/k/a McNeil-PPC, Inc." Neither party appears to fully explain this potential discrepancy. For the purpose of this Memorandum and Order, the Court will refer to the party as "Johnson & Johnson" but does not make any definitive conclusion on the proper designation of the party.

PTI Union, LLC ("PTI Union") as defendants.[2] Johnson & Johnson removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, the only Missouri-based Defendant, PTI Union, was fraudulently joined in this action.

On February 14, 2019, the Court denied Plaintiff Shawnee D. Douglas's Motion to Remand and granted Defendant PTI Union's Motion to Dismiss. (ECF No. 59) Thereafter, the Court amended the parties' briefing schedule as to Defendant Imerys Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) and Johnson & Johnson's Motion to Dismiss (ECF No. 34). On February 25, 2019, Imerys filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings. (ECF No. 62) Pursuant to 11 U.S.C. § 362(a), the case was automatically stayed. On March 4, 2019, Plaintiff filed a Notice of Dismissal without Prejudice as to Imerys *only*. (ECF No. 69) The Court hereby grants Plaintiff's dismissal of her claims against Imerys only, which lifts the stay in the case.

## DISCUSSION

In Johnson & Johnson's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer and accompanying Memorandum of Law in Support, it argues the Court should dismiss the case because venue is improper in this district. Johnson & Johnson contends Plaintiff has failed to satisfy the requirements of the general federal venue statute, which provides in relevant part:

> A civil action may be brought in--
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] Plaintiff previously filed a lawsuit in the Circuit Court of Hamilton County, Tennessee. *Douglas v. Johnson & Johnson Consumer, Inc., et al.*, No. 17C954. The only defendants named in the Tennessee lawsuit were Johnson & Johnson and Imerys. Johnson & Johnson removed the case to the Eastern District of Tennessee. *Douglas v. Johnson & Johnson Consumer, Inc. et al.*, No. 1:17-cv-00270-TRM-CHS. After engaging in initial discovery, Plaintiff claimed she learned of PTI Union's potential connection to the case and decided to file this case in Missouri state court on March 12, 2018. Subsequently, the Eastern District of Tennessee granted Plaintiff's motion to voluntarily dismiss her claims without prejudice against Johnson & Johnson and Imerys on March 29, 2018.

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Johnson & Johnson claims this district is not the proper venue for Plaintiff's claims because no properly joined defendant is a resident of Missouri and Plaintiff's claims arise out of her use of talc-based products while she resided outside the geographic boundaries of this district. Accordingly, Johnson & Johnson moves, pursuant to § 1406(a),[3] for the Court to dismiss the case or transfer it to a district that would be a proper venue, such as the Eastern District of Tennessee – which is where Plaintiff previously dismissed her claims against Johnson & Johnson and Imerys after the case was removed from Tennessee state court.

In response, Plaintiff argues Johnson & Johnson erroneously relies on § 1391 to assert venue is improper in this district. Rather, 28 U.S.C. § 1441(a) is the applicable statute for venue in removal actions. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because Plaintiff's case was originally filed in the Twenty-Second Judicial Circuit, City of St. Louis, Plaintiff argues it was properly removed to this district, which includes the City of St. Louis. *See* 28 U.S.C. § 105(a)(1).

Precedent clearly supports Plaintiff's position. In *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953), the Supreme Court held that, "on the question of venue, [§] 1391 has no application to this case because this is a removed action. The venue of removed actions is

---

[3] 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

governed by [§] 1441(a), and under that section venue was properly laid in [the district court embracing the place where the state action is pending].". Furthermore, § 1406 "applies only to cases 'laying venue in the wrong division or district.' When a case has been removed to the district court for the area in which the state action was pending pursuant to 28 U.S.C. § 1441, venue in the federal court is proper and not 'wrong.'" *Schoberlein v. Westrux Int'l, Inc.*, No. 2:13-CV-04079, 2013 WL 12155465, at *5 (W.D. Mo. June 18, 2013) (quoting § 1406). Consequently, venue can be proper under § 1441(a) even if venue might have been improper in the state court prior to removal. *Id.*; *see also Becker v. Ford Motor Co.*, No. 4:07CV1573 FRB, 2007 WL 4404168, at *1 (E.D. Mo. Dec. 17, 2007) (denying a motion to transfer pursuant to § 1406 because "[t]he original filing of the case in a state court in which venue did not lie does nothing to change the otherwise proper federal venue of this removed case").

A movant cannot seek to dismiss or transfer a removal action under § 1406 so long as the case was properly removed to the district court embracing the place where the state action was pending. However, as the court in *Schoberlein* notes, "it is also clear that transfer under 28 U.S.C. § 1404 might be proper in such circumstances if the district court to which the action was removed finds that forum to be inconvenient." 2013 WL 12155465, at *2. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiff acknowledges § 1404 may ultimately be applicable here, but she did not brief the issue as Johnson & Johnson did not base its argument in its motion or accompanying memorandum in support on § 1404. (ECF No. 63, at 7 n.2) Furthermore, Johnson & Johnson explicitly concedes in its Reply Memorandum that it "recognizes that 28 U.S.C. § 1391 is

inapplicable in regards to cases removed to federal court from state court on the basis of diversity jurisdiction." (ECF No. 72, at 1)  Nevertheless, Johnson & Johnson proceeds to analyze the applicably of § 1404 to this case for the first time in its reply.  Because Johnson & Johnson based its motion on § 1406, it cannot make new arguments in a reply memorandum. *United States v. Henry*, No. 4:07-CR-129 CAS, 2011 WL 147758, at *1 n.1 (E.D. Mo. Jan. 18, 2011) (citing *Federal Trade Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009) (noting it is "generally improper to raise a new argument in a reply brief").  Therefore, the Court denies Johnson & Johnson's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer premised on § 1406.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson & Johnson Consumer Inc.'s Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Shawnee D. Douglas's Notice of Dismissal without Prejudice as to Defendant Imerys Talc America, Inc. (ECF No. 69) is **GRANTED** and Plaintiff's claims against Defendant Imerys Talc America, Inc. *only* are **DISMISSED without prejudice**, each party to bear its own costs.  A separate Order of Partial Dismissal accompanies this Memorandum and Order.

**IT IS FINALLY ORDERED** that Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) is **DENIED as moot**.

Dated this 15th day of March, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**