UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWNEE D. DOUGLAS, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:18CV1141 RLW |
| | ) |
| JOHNSON & JOHNSON CONSUMER, INC., | ) |
| f/k/a MCNEIL-PPC, INC., | ) |
| | ) |
| Defendant.[1] | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Johnson & Johnson Consumer, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404. (ECF No. 83) After careful consideration, the Court grants the motion and transfers the case to the United States District Court for the Eastern District of Tennessee.

# BACKGROUND

Plaintiff Shawnee D. Douglas alleges she suffers from malignant peritoneal mesothelioma as a result of her exposure to asbestos from use of talc-based products. On August 22, 2017, she filed a lawsuit in the Circuit Court of Hamilton County, Tennessee against Johnson & Johnson Consumer, Inc., f/k/a McNeil-PPC, Inc. ("Johnson & Johnson") and Imerys Talc America, Inc., f/k/a Luzenac America, Inc. ("Imerys"), alleging she "was exposed to the

---

[1] Plaintiff initially named the following entities as defendants in this matter: Imerys Talc America, Inc., f/k/a Luzenac America, Inc. ("Imerys"); Johnson & Johnson Consumer, Inc., f/k/a McNeil-PPC, Inc. ("Johnson & Johnson"); Metropolitan Life Insurance Company ("MetLife"); and PTI Union, LLC ("PTI Union"). (Pet., ECF No. 11) On February 14, 2019, the Court granted PTI Union's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 59) On March 15, 2019, the Court granted Plaintiff's voluntary dismissal without prejudice towards Imerys. (ECF Nos. 69 & 74) On April 9, 2019, the Court granted Plaintiff and MetLife's stipulation for dismissal. (ECF Nos. 79 & 80) Consequently, Johnson & Johnson is the only remaining defendant. The style of this case shall be amended accordingly.

defendants' asbestos-containing or asbestos-contaminated talc or talc-based products, including specifically Johnson's baby powder, in Hamilton County, Tennessee."[2] *Douglas v. Johnson & Johnson Consumer, Inc., et al.*, No. 17C954. (Compl. ¶ 6, ECF No. 84-1 at 5) On September 26, 2017, Johnson & Johnson removed the case to the United States District Court for the Eastern District of Tennessee. *Douglas v. Johnson & Johnson Consumer, Inc. et al.*, No. 1:17-cv-00270-TRM-CHS. (ECF No. 84-2) After engaging in initial discovery, Plaintiff claimed she learned of the potential connection of a Missouri entity, PTI Union, LLC ("PTI Union"), to the case and decided to file this case in Missouri state court on March 12, 2018. *Douglas v. Imerys Talc America, Inc., et al.*, No. 1822-CC00514 (ECF No. 11) Subsequently, the Eastern District of Tennessee granted Plaintiff's motion to voluntarily dismiss her claims without prejudice against Johnson & Johnson and Imerys on March 29, 2018.

Plaintiff's Missouri case filed in the Twenty-Second Judicial Circuit, City of St. Louis, asserts claims of strict liability, negligence, wilful and wonton misconduct, and conspiracy against Imerys, Johnson & Johnson, Metropolitan Life Insurance Company ("MetLife"), and PTI Union. (Pet., ECF No. 11) The only remaining defendant is Johnson & Johnson.[3]

In the instant Motion to Transfer Venue Under 28 U.S.C. § 1404 (ECF No. 83), Johnson & Johnson argues the case should be transferred United States District Court for the Eastern District of Tennessee.[4] Plaintiff opposes transfer and contends Johnson & Johnson has failed to meet its burden under § 1404. (ECF No. 87)

---

[2] Nowhere in the Tennessee complaint did Plaintiff make any reference to the state of Missouri.
[3] *Supra* note 1.
[4] Previously, Johnson & Johnson filed a Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer. (ECF No. 34) It argued venue was improper in this district under 28 U.S.C. § 1391(b) and, therefore, the Court should dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a). Plaintiff correctly noted 28 U.S.C. § 1441(a) is the applicable statute for venue in removal actions such as this case. The Court concluded that a movant cannot seek to

- 2 -
Case 1:20-cv-00060-TRM-CHS   Document 92   Filed 01/21/20   Page 2 of 10   PageID #: 2092

## LEGAL STANDARD

The statute governing change of venue provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts use § 1404(a) to transfer cases "solely to promote litigation convenience and efficiency." *Eggleton v. Plasser & Theurer Export von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 589 n.3 (8th Cir. 2007). When determining whether to transfer a case pursuant to § 1404(a), courts must consider: "1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice." *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)). Whether to grant or deny a request to transfer a case under § 1404(a) is within the trial court's sound discretion. *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985). "[C]ourts are not limited to just these enumerated factors, and they have recognized the importance of a case-by-case evaluation of the particular circumstances presented and of all relevant case-specific factors." *Dube*, 943 F. Supp. 2d at 1007 (citing *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir.

---

dismiss or transfer a removal action under § 1406 so long as the case was properly removed to the district court embracing the place where the state action was pending. (ECF No. 73, at 3-4) *See Schoberlein v. Westrux Int'l Inc.*, No. 2:13-CV-04079, 2013 WL 12155465, at *5 (W.D. Mo. June 18, 2013); *Becker v. Ford Motor Co.*, No. 4:07CV1573 FRB, 2007 WL 4404168, at *1 (E.D. Mo. Dec. 17, 2007). In the briefing, Plaintiff acknowledged 28 U.S.C. § 1404 may ultimately be applicable to this case but did not brief the issue as Johnson & Johnson did not base its argument in that motion or accompanying memorandum in support on § 1404. (ECF No. 63, at 7 n.2) Johnson & Johnson conceded in its Reply Memorandum that it "recognizes that 28 U.S.C. § 1391 is inapplicable in regards to cases removed to federal court from state court on the basis of diversity jurisdiction" and proceeded to analyze the applicability of § 1404 for the first time in its reply. (ECF No. 72, at 1) The Court did not consider Johnson & Johnson's new argument, and denied the motion. *See United States v. Henry*, No. 4:07-CR-129 CAS, 2011WL147758, at *1 n.1 (E.D. Mo. Jan. 18, 2011) (citing *Federal Trade Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009) (noting it is "generally improper to raise a new argument in a reply brief").

2010)). However, courts give great deference to a plaintiff's choice of forum, and a party requesting transfer under § 1404(a) bears the burden of demonstrating that the transfer is justified. *Anheuser–Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002) (citation omitted). "This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple*, 602 F.3d at 913 (citation omitted).

## DISCUSSION

Johnson & Johnson argues that the interests of justice and the convenience of the parties and witnesses warrant transfer to the Eastern District of Tennessee. According to Johnson & Johnson, the Eastern District of Missouri has no appreciable interest in the case. The Eastern District of Tennessee, on the other hand, is the home of Plaintiff and all previously identified potential witnesses as well as the location of most of Plaintiff's alleged asbestos exposure and the site of relevant medical records. Plaintiff contends that Johnson & Johnson has not met its burden under § 1404(a) to overturn her choice of forum and the motion to transfer should be denied.

Courts take into consideration several factors when weighing convenience and the interests of justice under § 1404(a). To evaluate the balance of convenience, district courts consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Burkemper v. Dedert Corp.*, No. 4:11CV1281 JCH, 2011 WL 5330645, at *2 (E.D. Mo. Nov. 7, 2011) (citing *Terra Int'l*, 119 F.3d at 696). In evaluating these factors, the convenience of

witnesses is the most important. The convenience of the witnesses is the "primary, if not most important" of the convenience factors. *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (quoting *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995)). Under the interest of justice category, the courts also consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Burkemper*, 2011 WL 5330645, at *2 (citing *Terra Int'l*, 119 F.3d at 696).

Johnson & Johnson argues the Eastern District of Tennessee is a more convenient venue for the parties and non-party witnesses than the Eastern District of Missouri. Plaintiff is a resident of Chattanooga, Hamilton County, Tennessee, which is located within the geographic boundary of Eastern District of Tennessee.[5] Previously, Plaintiff has identified five potential witnesses who have or may have knowledge of discoverable information regarding the subject matter of this proceeding and ten medical practitioners/facilities that have treated her.[6] The majority of these potential witnesses live in or near the Eastern District of Tennessee.[7]

The Court agrees with Johnson & Johnson that the convenience of the parties and non-party witnesses clearly weighs in favor of transferring this case to the Eastern District of Tennessee. Plaintiff has failed to cite to any authority for her contention that a movant seeking

---

[5] Court Locations, United States District Court for the Eastern District of Tennessee, https://www.tned.uscourts.gov/court-locations (last visited Jan. 21, 2020).

[6] Plaintiff provided the names of these potential witness and medical practitioners/facilities in her Answers and Responses to Defendant Johnson & Johnson's First Set of Interrogatories and Production Requests filed after the original Tennessee state court action had been removed to federal court in the Eastern District of Tennessee. (ECF No. 84-6)

[7] All five potential witnesses live in Tennessee, three of whom live in Chattanooga. (ECF No. 84-6, 3-4) Seven of the listed practitioners/facilities are located in Chattanooga; however, three are located in Atlanta, Georgia. (*Id.* at 12-13)

transfer must present "testimony, sworn statements, or other type of evidence establishing that [potential] witnesses have expressed that [the receiving district] is a more convenient forum." (ECF No. 87, at 5) Certainly such direct insight into the potential witnesses' abilities and willingness to travel from Tennessee to Missouri would be helpful in deciding the instant motion to transfer. The Court, however, can reasonably presume it will be *more* convenient for Plaintiff and the potential witnesses to participate in this litigation if it proceeds in or near their home district. *See In re Microsoft Corp.*, 630 F.3d 1361, 1363-64 (Fed. Cir. 2011) (finding the district court abused its discretion by not transferring when "maintaining trial [in plaintiff's chosen forum] would . . . require witnesses to undergo the cost, time, and expense of travel to attend trial, which would be significantly minimized if this case were transferred to [defendant's requested district]"). Accordingly, this factor also weighs towards transfer.

Because many of the potential witnesses and medical practitioners/facilities are located in Tennessee, it is reasonable to expect relevant records and documents will also be located within the state and more easily accessible to the parties if the case is transferred. Plaintiff argues that modern means of electronic storage and transmission of documents essentially renders the factor related to accessibility of documents as moot. While Plaintiff is correct that "electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation," the Eastern District of Tennessee "would prove more convenient." *See In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010).

Additionally, the overwhelming majority of Plaintiff's exposure to Johnson & Johnson's talc product occurred within the geographic boundary of the Eastern District of Tennessee. Plaintiff was born in 1950 in Jellico, Campbell County, Tennessee and lived there until she left

to attend college at the age of eighteen. (Dep. of Pl. at 17:23-25; 18:1-6, ECF No. 84-7)[8]
Campbell County is located within the geographic boundary of the Eastern District of
Tennessee.[9] Plaintiff attended college at Graceland University in Lamoni, Iowa for four years.
(*Id.* at 18:5-12) Upon graduation, Plaintiff moved to Blue Springs, Jackson County, Missouri for
approximately one year to work as a teacher as she pursued her master's degree from the
University of Kansas. (*Id.* at 19:15-25; 20:1-24) She then relocated to Overland Park, Kansas
where she resided for approximately three years. (*Id.* at 21:1-20) Thereafter, Plaintiff returned
to the area near Jellico, Tennessee. (*Id.* at 22:13-21) Plaintiff has since remained a resident of
Tennessee, and she has lived at the same home in Chattanooga, Tennessee for over ten years.
(ECF No. 84-6)

Plaintiff alleges she was exposed to asbestos "on a daily basis" by using Johnson &
Johnson's talc-based product "throughout her life." (Pet. ¶ 1, ECF No. 11) Specifically,
Plaintiff has asserted her mother began using the product on her when Plaintiff was a baby and
she only stopped using the product in or around October 2017. (Dep. of Pl. at 30:12-25; 31:1-5;
13:11-19, ECF No. 84-7) During her lifetime, she lived in the state of Missouri for
approximately one year in the mid-1970's and even then was not within the geographic boundary
of this district but, rather, the *Western* District of Missouri.[10] On the other hand, Plaintiff lived in
or near the Eastern District of Tennessee and used Johnson & Johnson's talc-based product over
approximately sixty years. Further, the only Missouri-based party in this case was PTI Union,

---

[8] This videotaped deposition was taken on December 21, 2017 after the Tennessee state action had been removed to federal court in the Eastern District of Tennessee.
[9] Court Locations, United States District Court for the Eastern District of Tennessee, https://www.tned.uscourts.gov/court-locations (last visited Jan. 21, 2020).
[10] Counties by Division, United States District Court for the Eastern District of Missouri, https://www.moed.uscourts.gov/counties-division (last viewed Jan. 21, 2020).

which was dismissed with prejudice after the Court concluded Plaintiff had failed to state a claim against it. As further explained in the Court's February 14, 2019 Memorandum and Order, PTI Union was never involved in the production of the talc product Plaintiff claims caused her to develop malignant peritoneal mesothelioma. (ECF No. 59) The fact that nearly all of Plaintiff's alleged exposure to asbestos from Johnson & Johnson's talc-based product occurred within the geographic boundary of the Eastern District of Tennessee clearly weighs in favor of transfer.

"Typically, a plaintiff's choice of forum is granted significant weight." *Merrick Bank Corp. v. Savvis, Inc.*, No. 4:08CV00675 ERW, 2008 WL 5146545, at *4 (E.D. Mo. Dec. 8, 2008) (citing *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)). "However, that deference is tempered when the plaintiff's choice is not its residence, as in this case." *Id.* (citing *Biometics, LLC v. New Womyn, Inc.*, 112 F.Supp.2d 869, 877 (E.D. Mo. 2000)). Importantly here, this district was ***not*** Plaintiff's first choice of venue. She originally filed suit in Tennessee state court in her home county. Once the case was removed to federal court and discovery had begun, she filed her second lawsuit in Missouri state court and dismissed her case in Tennessee. A plaintiff cannot hail an out-of-state defendant into court in the plaintiff's home forum then refile an essentially identical lawsuit in another forum that is foreign to all parties and still expect full deference on his or her second choice of forum. *See id.*

The Court is cognizant of the possibility that the Eastern District of Tennessee will have to apply Missouri substantive law. "When a case is transferred under § 1404(a), the transferee district court applies the choice-of-law rules of the transferor court's State." *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014). While this factor weighs against transfer, it does not present enough of an problem to prevent transfer. "In the context of a motion to transfer under § 1404(a), the general view is 'that courts can just as easily apply the law of another state as easily

as their own.'" *See generally Oien v. Thompson*, 824 F. Supp. 2d 898, 907 (D. Minn. 2010) (quoting *Clergy Fin., LLC v. Clergy Fin. Servs., Inc.*, 598 F.Supp.2d 989, 995 (D. Minn. 2009)).

Based on this analysis, the Court finds that the balance of relevant factors clearly weighs in favor of transferring this case to the Eastern District of Tennessee. Plaintiff and all likely relevant witnesses and records are located in Tennessee and no remaining party is based in Missouri. Plaintiff further admits the vast majority of her exposure to Johnson & Johnson's talc-based product occurred in Tennessee during almost all of her lifetime compared to the relatively miniscule time she lived in Missouri. Consequently, this district has little connection to the facts of this case compared to the Eastern District of Tennessee.

The Court further notes that this case is still in its early stages of litigation as there has never been a case management order. In fact, what limited discovery that has taken place between Plaintiff and Johnson & Johnson occurred during the course of the prior case in the Eastern District of Tennessee. Thus, transfer will not result in a waste of resources. *See generally Griggs v. Credit Sols. of Am., Inc.*, No. 4:09CV01776 ERW, 2010 WL 2653474, at *3 (E.D. Mo. June 29, 2010) (noting that "§ 1404(a) was designed to prevent the potential waste of resources that results when cases involving the same issues are pending in multiple, different district courts").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Johnson & Johnson Consumer, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404 (ECF No. 83) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is transferred to the United States District Court for the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1404(a).

Dated this 21ST day of January, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**